Electronically FILED by Superior Court of California, County of Los Angeles on 09/23/2021 11:52 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Case 2:21-cv-08669-SVW-MAR   Document 1-1   Filed 11/03/21   Page 1 of 27   Page ID #:61

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br><br> ENERSYS ENERGY PRODUCTS INC.; <br> and DOES 1 through 100, Inclusive <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br><br> WALTER AGUILAR | **FOR COURT USE ONLY** <br> *(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: SUPERIOR COURT FOR THE STATE OF <br> *(El nombre y dirección de la corte es):* CALIFORNIA <br> COUNTY OF LOS ANGELES - CENTRAL JUDICIAL DISTRICT <br><br> 111 North Hill Street <br> Los Angeles, CA 90012 | CASE NUMBER: <br> *(Número del Caso):* <br><br> 218TCV35072 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin C. Boyle, Esq. (SBN 190533), LAW OFFICES OF KEVIN C. BOYLE, 24007 Ventura Boulevard, Suite 124,
Calabasas, CA 91302; Telephone: (818) 591-1755; Facsimile: (818) 591-1756; kboyle@kcboylelaw.com; jllevy.lawoffices@gmail.com

| DATE: 09/23/2021 | Sherri R. Carter Executive Officer / Clerk of Court | | |
|---|---|---|---|
| *(Fecha)* | Clerk, by *(Secretario)* R. Perez | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

 under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
 ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
 ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

 ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Malcolm Mackey

Electronically FILED by Superior Court of California, County of Los Angeles on 09/23/2021 11:52 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Kevin C. Boyle, Esq. (SBN 190533)
LAW OFFICES OF KEVIN C. BOYLE
24007 Ventura Blvd, Suite 124
Calabasas, CA 91302
Telephone:     (818) 591-1755
Facsimile:     (818) 591-1756
Email:         kboyle@kcboylelaw.com;
               jllevy.lawoffices@gmail.com

Attorney for Plaintiff,
WALTER AGUILAR

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES - CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| WALTER AGUILAR,<br><br>            Plaintiff,<br><br>    v.<br><br>ENERSYS ENERGY PRODUCTS INC.;<br>and DOES 1 through 100, Inclusive,<br><br>            Defendants. | CASE NO.:  21STCV35072<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. DISABILITY DISCRIMINATION** [Government Code §§12940, *et seq.*]<br><br>**2. FAILURE TO PROVIDE REASONABLE ACCOMMODATION** [Government Code §12940(m)]<br><br>**3. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS** [Government Code §12940(n)]<br><br>**4. VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT (CFRA)** [Government Code §12945.2]<br><br>**5. FAILURE TO MAINTAIN A DISCRIMINATION FREE ENVIRONMENT** [Government Code §12940(k)]<br><br>**6. RETALIATION** [Government Code §12940(h)& (m)(2)]<br><br>**7. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |

/ / /

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES**

**GENERAL ALLEGATIONS**

1.      Plaintiff is informed and believes, and thereon alleges, that Defendants ENERSYS ENERGY PRODUCTS INC., (" ENERSYS") and DOES 1 through 40, and each of them, were, at all times herein mentioned, corporations engaged, as a matter of commercial actuality, in purposeful economic activity, within the County of Los Angeles, State of California.

2.      Plaintiff is informed and believes, and thereon alleges, that Defendants DOES 41 through 100, and each of them, were, at all times herein mentioned, residents of the State of California and were managers, officers, supervisors, managing agents, and/or employees of ENERSYS, and each of them, having the actual or apparent authority to participate in or recommend decisions affecting the Plaintiff's ability to engage in a business, profession, or vocation at ENERSYS.

3.      The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, and therefore, Plaintiff sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as herein alleged, were proximately caused by their conduct.

4.      Plaintiff is informed and believes, and thereon alleges, that at all times mentioned, each of the Defendants, including the fictitiously named Defendants, was the agent and employee of each of the remaining Defendants and in doing the things hereinafter alleged, was acting within the scope and course of such agency.

5.      Plaintiff had been employed by ENERSYS as an Inside Sales Representative. Plaintiff has been subjected to discrimination and wrongful termination by Defendants, as will be more fully described below.

/ / /

/ / /

**COMPLAINT FOR DAMAGES**

6.      On or about July 18, 2021, Plaintiff became a *"disabled"* individual from having contracted COVID-19.  Plaintiff had informed his supervisor, Chris Thomas ("Thomas"), that he was experiencing COVID-like symptoms on or about July 20, 2021.

7.      Plaintiff was admitted to Henry Mayo Newhall hospital on or about July 29, 2021. He was diagnosed with acute viral syndrome, acute respiratory failure with hypoxia, pneumonia due to COVID-19 virus, acute encephalopathy, COVID-19, psychosis due to infection, acute hyperactive delirium, acute metabolic encephalopathy, altered mental status.

8.      On or about August 2, 2021, while Plaintiff was hospitalized, Thomas texted Plaintiff's wife, Tania, who was also hospitalized, attempting to contact Plaintiff.  Plaintiff, himself,  sent a reply text to Thomas, informing him that both he and Tania were hospitalized, on medications, and under a doctor's care.

9.      Although Plaintiff was discharged from the hospital on August 4, 2021, he continued to experience a high degree of delirium, personality changes, intellectual impairment, acute encephalopathy, and a depressed level of consciousness on account of COVID.

10.     On or about August 6, 2021, Plaintiff was corresponding by email with a co-worker, Lily Quinones ("Quinones").  During the time they worked together at ENERSYS, Plaintiff and Quinones had a purely professional relationship and had been working together on certain projects for approximately one and a half years.  In that email exchange, and on account of Plaintiff's impaired mental status due to COVID, he had made a comment that Quinones apparently interpreted as being suggestive.

11.     That same day, on or about August 6, 2021, and while Plaintiff continued to suffer from the aforementioned mental impairments, he made a comment during a FaceTime call to another co-worker, Sabrina, that Sabrina apparently believed was suggestive.  Plaintiff and Sabrina also had a professional working relationship during Plaintiff's employment at Enersys.

12.     The following morning, August 7, 2021, Plaintiff sent a text to Sabrina stating, "Sabrina, it's Walter.  I wanted to apologize for my behavior yesterday.  I am still not well from my head.  I am sorry, please forgive me."

/ / /

13.     On or about August 10, 2021, ENERSYS' Human Resources Representative, Ashley Fehnel ("Fehnel"), informed Plaintiff he was being placed on suspension and that an investigation was pending.

14.     During the morning, on or about August 11, 2021, Plaintiff was contacted by Fehnel and Craig, who identified himself as a company attorney.  Plaintiff explained to both individuals that he had been hospitalized with COVID; that it had affected, and continued to affect, his mental status and was causing him to suffer from delirium.  Later that afternoon, Fehnel called back and informed Plaintiff that his termination was pending.

15.     On or about August 13, 2021, Plaintiff's wife, Tania, spoke with Fehnel, telling her that the hospital discharge papers indicate that Plaintiff had a "mental breakdown."  Fehnel asked that Plaintiff email her the hospital discharge documents, which Plaintiff promptly did.  Fehnel promised she would "review" the documents.  However, on or about August 17, 2021, Fehnel informed Plaintiff that he had, in fact, been terminated.

16.     Plaintiff contends that Defendant's failure to accommodate him, and resulting termination, were motivated by Plaintiff's disabling condition and his need for accommodation.  Said disparate treatment was thus in retaliation for Plaintiff having engaged in the protected activity of asserting rights pursuant to the FEHA.

**FIRST CAUSE OF ACTION**

**AGAINST DEFENDANTS ENERSYS SERVICES, INC.;**

**AND DOES 1 THROUGH 40, AND EACH OF THEM**

**DISABILITY DISCRIMINATION**

**[Government Code §§12940, *et seq.*]**

17.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 16, as if set forth in full herein.

/ / /

/ / /

1      18.     At all times herein mentioned, Government Code §§12940 *et seq.* were in full

2   force and effect and were binding on ENERSYS, and each of them.  These sections require

3   ENERSYS, and each of them, to refrain from discriminating against a disabled employee.

4      19.     Plaintiff has been subjected to adverse employment actions by ENERSYS because

5   of his disabling condition.  Said acts and conduct of ENERSYS, as have been more fully set forth

6   above, were on the basis of Plaintiff's disability, or on account of the fact that Plaintiff was

7   regarded as disabled, or on account of the fact that Plaintiff has a record of a disability.  Further,

8   "[W]ith few exceptions, conduct resulting from a disability is considered to be part of the

9   disability, rather than a separate basis for termination." Humphrey v. Mem'l Hosps. Ass'n, 239

10  F.3d 1128, 1139-40 (9th Cir. 2001).

11     20.     The unlawful employment practices on the part of Defendants ENERSYS, and

12  each of them, were a substantial factor in causing damages and injuries to Plaintiff, as set forth

13  below.

14     21.     Administrative charges have been filed on Plaintiff's behalf with the California

15  Department of Fair Employment and Housing (DFEH), pursuant to Section 12960 of the

16  Government Code on September 2, 2021, substantially alleging the acts and conduct as herein

17  above described.  DFEH issued a "Right to Sue" notice on September 2, 2021.  (True and correct

18  copies of same are attached hereto as Exhibits "1" through "2," respectively).

19     22.     As a result of the aforesaid unlawful acts of said Defendants, and each of them,

20  Plaintiff has lost, and will continue to lose, income and benefits in an amount to be proven at

21  time of trial.  Plaintiff claims such amount as damages, together with prejudgment interest,

22  pursuant to Civil Code §3287 and/or any other provision of law providing for prejudgment

23  interest.

24     23.     As a result of the aforesaid unlawful acts of said Defendants, and each of them,

25  Plaintiff was personally humiliated and has become mentally upset, distressed, and aggravated.

26  Plaintiff claims general damages for such mental distress and aggravation in an amount to be

27  proven at time of trial.

28  / / /

24. As a further result of the said acts of said Defendants, and each of them, Plaintiff may employ medical practitioners and physicians to examine, treat, and care for Plaintiff and may incur medical and incidental expenses, which will be shown according to proof.

25. The acts of Defendants ENERSYS, and each of them, as hereinabove alleged, were carried out by supervisors, managers, officers, and/or directors of ENERSYS, and were directed and/or ratified by ENERSYS, and each of them, with a conscious disregard of Plaintiff's rights, such as to constitute oppression, fraud, or malice under California <u>Civil Code</u> §3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendants.

**<u>SECOND CAUSE OF ACTION</u>**

**AGAINST DEFENDANTS ENERSYS SERVICES, INC.;**

**AND DOES 1 THROUGH 40, AND EACH OF THEM**

**FAILURE TO PROVIDE REASONABLE ACCOMMODATION**

**[<u>Government Code</u> §12940(m)]**

26. Plaintiff incorporates the allegations set forth in paragraphs 17 through 25, as if set forth in full herein.

27. During the period of Plaintiff's employment with ENERSYS, <u>Government Code</u> §12926.1(a),(e) and §12940(m), were in full force and effect and were binding on said Defendants. These subsections impose a continuing, mandatory duty upon employers to make reasonable accommodations for the known disabilities of an employee, so as to allow a disabled employee to continue working.

28. As alleged above, ENERSYS has violated these subsections by failing to provide a reasonable accommodation for Plaintiff.

29. The unlawful employment practices on the part of Defendants ENERSYS, and each of them, were a substantial factor in causing those damages and injuries to Plaintiff, as set forth by reallegation of paragraphs 22 through 25 (in paragraph 26).

6

**COMPLAINT FOR DAMAGES**

**THIRD CAUSE OF ACTION**

**AGAINST DEFENDANTS ENERSYS SERVICES, INC.;**

**AND DOES 1 THROUGH 40, AND EACH OF THEM**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

**[Government Code §12940(n)]**

30.     Plaintiff incorporates the allegations set forth in paragraphs 17 through 25 and paragraphs 27 through 28, as if set forth in full herein.

31.     During the period of Plaintiff's employment with ENERSYS, Government Code §12926.1(a),(e) and §12940(n) were in full force and effect and were binding on said Defendants. These subsections impose a continuing, mandatory duty upon employers to engage in a timely, good faith interactive process to determine effective reasonable accommodations for a medically disabled employee.

32.     As alleged above, ENERSYS violated these subsections by failing to engage in the interactive process in order to determine, initiate, and establish reasonable accommodations for the Plaintiff.

33.     The unlawful employment practices on the part of Defendant ENERSYS, and each of them, were a substantial factor in causing those damages and injuries to Plaintiff, as set forth by reallegation of paragraphs 22 through 25 (in paragraph 30).

**FOURTH CAUSE OF ACTION**

**AGAINST DEFENDANTS ENERSYS SERVICES, INC.;**

**AND DOES 1 THROUGH 40, AND EACH OF THEM**

**VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT (CFRA)**

**[Government Code §12945.2]**

34.     Plaintiff incorporates the allegations set forth in paragraphs 17 through 25, paragraphs 27 through 28, and paragraphs 31 through 32, as if set forth in full herein.

35.     At all times herein mentioned, Government Code §§12945.2 ("CFRA") was in full force and effect and was binding on ENERSYS.  This section requires ENERSYS, and each of them, to refrain from discriminating against an employee who requires a leave of absence in order to care for the employee's own serious health condition.  The CFRA further prohibits retaliation against an employee for exercising the right to family leave.  Government Code §12945.2(l); 2 Cal Code Regs §7297.7.

36.     Plaintiff was eligible for CFRA leave, in that he was an employee with more than 12 months of service with ENERSYS at any time, and had at least 1250 hours of service with ENERSYS during the previous 12-month period prior to his termination.  2 Cal Code Regs §7297.0(e).

37.     Said acts and conduct of ENERSYS, as have been more fully set forth above, were motived, in part, by Plaintiff having exercised the right to CFRA leave.  Said conduct thus constituted violations of Government Code §12945.2.

38.     The unlawful employment practices on the part of Defendants ENERSYS, and each of them, were a substantial factor in causing damages and injuries to Plaintiff, as set by reallegation of paragraphs 22 through 25 (in paragraph 34).

## FIFTH CAUSE OF ACTION

### AGAINST DEFENDANTS ENERSYS SERVICES, INC.;

### AND DOES 1 THROUGH 40, AND EACH OF THEM

### FAILURE TO MAINTAIN A DISCRIMINATION FREE ENVIRONMENT

### [Government Code §12940(k)]

39.     Plaintiff incorporates the allegations set forth in paragraphs 17 through 25, paragraphs 27 through 28, paragraphs 31 through 32, and paragraphs 35 through 37, as if set forth in full herein.

/ / /

/ / /

1    40.    At all times herein mentioned, Government Code §12940(k) was in full force and

2    effect and was binding on ENERSYS, and each of them.  This section requires said Defendants

3    to take the necessary steps to provide a work environment free from discrimination.

4    41.    As alleged above, ENERSYS violated this subsection by failing to take all

5    reasonable steps necessary to prevent discrimination from occurring against the Plaintiff.

6    42.    As a direct and proximate result of the conduct of said Defendant, as aforesaid,

7    Plaintiff has suffered those injuries and damages set forth by reallegation of paragraphs 22

8    through 25 (in paragraph 39).

9

10                               **SIXTH CAUSE OF ACTION**

11                    **AGAINST DEFENDANTS ENERSYS SERVICES, INC.;**

12                    **AND DOES 1 THROUGH 40, AND EACH OF THEM**

13                                      **RETALIATION**

14                            **[Government Code §12940(h)]**

15

16    43.    Plaintiff incorporates the allegations set forth in paragraphs 17 through 25,

17    paragraphs 27 through 28, paragraphs 31 through 32, paragraphs 35 through 37, and paragraphs

18    40 through 41, as if set forth in full herein.

19    44.    At all times herein mentioned, Government Code §12940(h) was in full force and

20    effect and was binding on ENERSYS, and each of them.  This section requires said Defendants

21    to refrain from retaliating against an employee for having engaged in an activity that is protected

22    under the FEHA.

23    45.    Plaintiff alleges that the aforesaid acts and conduct of said Defendants toward

24    Plaintiff constituted significant, adverse employment actions, which were in retaliation for, and

25    were motivated by, Plaintiff having requested accommodation and for having engaged in the

26    protected activity of exercising and asserting FEHA protected rights as a "disabled" individual in

27    violation of California Government Code §§12940(h) and (m)(2).

28    / / /

46.     The aforesaid actions and conduct of ENERSYS and DOES 1 through 40, and each of them, thereby constituted retaliation toward Plaintiff and were in violation of California Government Code §12940(h).

47.     As a direct and proximate result of the conduct of said Defendants, as aforesaid, Plaintiff has suffered those injuries and damages set forth by reallegation of paragraphs 22 through 25 (in paragraph 43).

**SEVENTH CAUSE OF ACTION**

**AGAINST DEFENDANTS ENERSYS SERVICES, INC.;**

**AND DOES 1 THROUGH 40, AND EACH OF THEM**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

48.     Plaintiff incorporates the allegations set forth in paragraphs 17 through 25, paragraphs 27 through 28, paragraphs 31 through 32, paragraphs 35 through 37, paragraphs 40 through 41, and paragraphs 44 through 46, as if set forth in full herein.

49.     Under the laws of the State of California, an employer's traditional common law right to discharge an at-will employee is subject to limits imposed by public policy.

50.     The public interest invoking the public policy exception, as aforesaid, is evidenced by California's emergency temporary Cal/OSHA standards on COVID-19 infection prevention, approved on November 30, 2020.  [See: Cal. Code Regs., title 8, Subchapter 7- General Industry Safety Orders - §§ 3205,3205.1, 3205.2, 3205.3,3205].  Specifically, §3205 COVID-19 Prevention, subsection ©) provides:

> "Written COVID-19 Prevention Program - Employers shall establish, implement, and maintain an effective, written COVID-19 Prevention Program, which may be integrated into the employer's Injury and Illness Program required by section 3203, or be maintained in a separate document.  The written elements of a COVID-19 Prevention Program shall include:
> (1) System for communicating.  The employer shall do all of the following in a form readily understandable by employees:
> (A) Ask employees to report to the employer, ***without fear of reprisal***, COVID-19 symptoms, possible COVID-19 exposures, and possible COVID-19 hazards at the workplace.  [emphasis added].

51.     The public interest invoking the public policy exception, as aforesaid, is also set forth by AB-685 signed into law on September 17, 2020, by Governor Gavin Newsom, which amends California Labor Code §§6325, 6409.6. and 6432 and creates new COVID-19 reporting requirements for employers, increases mandatory public disclosure of COVID-19 outbreaks, and expands the powers of Cal/OSHA to cite and shut down employers with worksite infections in a streamlined process.  Specifically §6409.6, subsection (f) provides:

"An employer ***shall not retaliate*** against a worker for disclosing a positive COVID-19 test or diagnosis or order to quarantine or isolate."  [emphasis added].

52.     The public interest invoking the public policy exception, as aforesaid, is also set forth by the U.S. Department of Labor's Occupational Safety and Health Administration (OSHA), Section 11©) of the Occupational Safety and Health Act of 1970, 29 USC 660©), which prohibits employers from retaliating against employees for exercising a variety of rights guaranteed under the OSHA Act, such as filing a safety or health complaint with OSHA, raising a health and safety concern with their employers, participating in an OSHA inspection, or reporting a work-related injury or illness.  "The U.S Department of Labor's Occupational Safety and Health Administration (OSHA) is reminding employers that it is illegal to retaliate against workers because they report unsafe and unhealthful working conditions during the coronavirus pandemic.  Acts of retaliation can include terminations, demotions, denials of overtime or promotion, or reductions in pay or hours."  [OSHA National News Release - April 8, 2020].

53.     The wrongful termination of Plaintiff was a substantial factor in causing those damages and injuries to Plaintiff as set forth by reallegation of paragraphs 22 through 25 (in paragraph 48).

/ / /

/ / /

/ / /

/ / /

/ / /

11
**COMPLAINT FOR DAMAGES**

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants ENERSYS SERVICES, INC.; and DOES 1 through 40, and each of them, on <u>all</u> Causes of Action for:

1.      All medical expenses, actual, consequential, and incidental losses, including, but not limited to loss of income and benefits, according to proof, together with prejudgment interest, pursuant to <u>Civil Code</u> §§3287 and/or 3288;

2.      General damages for emotional distress and mental suffering in a sum according to proof;

3.      Exemplary and punitive damages in a sum appropriate to punish Defendants and set an example for others;

4.      Attorneys' fees, per <u>Government Code</u> §12965(b), and costs of suit;

5.      Such other and further relief as the Court may deem proper.

Dated: September 23, 2021                    LAW OFFICES OF KEVIN C. BOYLE


                                        /s/  *Kevin C. Boyle*
                                        _____
                                        KEVIN C. BOYLE
                                        Attorneys for Plaintiff,
                                        WALTER AGUILAR

**COMPLAINT FOR DAMAGES**

EXHIBIT 1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Walter Aguilar                                    DFEH No. 202109-14651402

Complainant,

vs.

Enersys Energy Products Inc.
9103 Sorenson Ave.
Santa Fe Springs, California 90670

Respondents

_____

**1.** Respondent **Enersys Energy Products Inc.** is an **employer Enersys Energy Products Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Walter Aguilar**, resides in the City of **Calabasas,** State of **California.**

**3**. Complainant alleges that on or about **August 17, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), family care or medical leave (cfra) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra).

**Additional Complaint Details:** Plaintiff had been employed by ENERSYS as an Inside Sales Representative.  Plaintiff has been subjected to discrimination and wrongful termination by Defendants, as will be more fully described below.

-1-
*Complaint – DFEH No. 202109-14651402*

Date Filed: September 2, 2021

On or about July 18, 2021, Plaintiff became a "disabled" individual from having contracted COVID-19.  Plaintiff had informed his supervisor, Chris Thomas ("Thomas"), that he was experiencing COVID-like symptoms on or about July 20, 2021.

Plaintiff was admitted to Henry Mayo Newhall hospital on or about July 29, 2021.  He was diagnosed with acute viral syndrome, acute respiratory failure with hypoxia, pneumonia due to COVID-19 virus, acute encephalopathy, COVID-19, psychosis due to infection, acute hyperactive delirium, acute metabolic encephalopathy, altered mental status.

On or about August 2, 2021, while Plaintiff was hospitalized, Thomas texted Plaintiff's wife, Tania, who was also hospitalized, attempting to contact Plaintiff.  Plaintiff, himself,  sent a reply text to Thomas, informing him that both he and Tania were hospitalized, on medications, and under a doctor's care.

Although Plaintiff was discharged from the hospital on August 4, 2021, he continued to experience a high degree of delirium, personality changes, intellectual impairment, acute encephalopathy, and a depressed level of consciousness on account of COVID.

On or about August 6, 2021, Plaintiff was corresponding by email with a co-worker, Lily Quinones ("Quinones").  During the time they worked together at ENERSYS, Plaintiff and Quinones had a purely professional relationship and had been working together on certain projects for approximately one and a half years.  In that email exchange, and on account of Plaintiff's impaired mental status due to COVID, he had made a comment that Quinones apparently interpreted as being suggestive.

That same day, on or about August 6, 2021, and while Plaintiff continued to suffer from the aforementioned mental impairments, he made a comment during a FaceTime call to another co-worker, Sabrina, that Sabrina apparently believed was suggestive.  Plaintiff and Sabrina also had a professional working relationship during Plaintiff's employment at Enersys.

The following morning, August 7, 2021, Plaintiff sent a text to Sabrina stating, "Sabrina, it's Walter.  I wanted to apologize for my behavior yesterday.  I am still not well from my head.  I am sorry, please forgive me."

On or about August 10, 2021, ENERSYS' Human Resources Representative, Ashley Fehnel ("Fehnel"), informed Plaintiff he was being placed on suspension and that an investigation was pending.

During the morning, on or about August 11, 2021, Plaintiff was contacted by Fehnel and Craig, who identified himself as a company attorney.  Plaintiff explained to both individuals that he had been hospitalized with COVID; that it had affected, and continued to affect, his mental status and was causing him to suffer from delirium.  Later that afternoon, Fehnel called back and informed Plaintiff that his termination was pending.

On or about August 13, 2021, Plaintiff's wife, Tania, spoke with Fehnel, telling her that the hospital discharge papers indicate that Plaintiff had a "mental breakdown."  Fehnel asked that Plaintiff email her the hospital discharge documents, which Plaintiff promptly did.  Fehnel promised she would "review" the documents.  However, on or about August 17, 2021, Fehnel informed Plaintiff that he had, in fact, been terminated.

Plaintiff contends that Defendant's failure to accommodate him, and resulting termination, were motivated by Plaintiff's disabling condition and his need for accommodation.  Said disparate treatment was thus in retaliation for Plaintiff having engaged in the protected activity of asserting rights pursuant to the FEHA.

Date Filed: September 2, 2021

1 | VERIFICATION

2 | I, **Kevin C. Boyle**, am the **Attorney** in the above-entitled complaint.  I have read the
3 | foregoing complaint and know the contents thereof.  The matters alleged are based
on information and belief, which I believe to be true.

4 |
5 | On September 2, 2021, I declare under penalty of perjury under the laws of the State
of California that the foregoing is true and correct.

6 | **Calabasas, CA**

-3-
*Complaint – DFEH No. 202109-14651402*

Date Filed: September 2, 2021

EXHIBIT 2



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 2, 2021

Walter Aguilar
c/o Law Offices of Kevin C. Boyle, 24007 Ventura Blvd., #124
Calabasas, California 91302

RE:    **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202109-14651402
        Right to Sue: Aguilar / Enersys Energy Products Inc.

Dear Walter Aguilar:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 2, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

Electronically Filed by Superior Court of California, County of Los Angeles on 09/24/2021 11:52 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

Case 2:21-cv-08869-SVW-MAR Document 1-1 Filed 11/03/21 Page 21 of 27 Page ID #:81

21STCV35072

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kevin C. Boyle, Esq. (SBN 190533)<br>LAW OFFICES OF KEVIN C. BOYLE<br>24007 Ventura Blvd, Suite 124, Calabasas, CA 91302<br><br>TELEPHONE NO.: (818) 591-1755   FAX NO. *(Optional):* (818) 591-1756<br>ATTORNEY FOR *(Name):* Plaintiff, WALTER AGUILAR | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: COUNTY OF LOS ANGELES - CENTRAL JUDICIAL DISTRICT

CASE NAME:
WALTER AGUILAR v. ENERSYS ENERGY PRODUCTS INC., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 21STCV35072 |
| | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve       courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence       court
           f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 23, 2021

Kevin C. Boyle, Esq.                                   ▶ /s/ *Kevin C. Boyle*
_____              _____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: AGUILAR v. ENERSYS ENERGY PRODUCTS INC., et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: AGUILAR v. ENERSYS ENERGY PRODUCTS INC., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: AGUILAR v. ENERSYS ENERGY PRODUCTS INC., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: AGUILAR v. ENERSYS ENERGY PRODUCTS INC., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>1. ✓ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>9103 Sorensen Avenue |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Santa Fe Springs | CA | 90670 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central Judicial___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: September 23, 2021

/s/ *Kevin C. Boyle*

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/23/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Perez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV35072 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Malcolm  Mackey | 55 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 09/23/2021
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Perez _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06